Daniel, Judge, —
 

 After stating the substance of the bill proceeded as follows:
 

 The legacy being specific, after an assent by the executor he was clearly liable at law to an action by the legatee. Because an interest in the specific legacy vests at law in the legatee upon the assent of the executor.
 
 2 Williams on Executors,
 
 1188. But, is the jurisdiction lost which this court certainly once' had over the subject ? We think not. Where the executor had assented to a specific legacy, and the legatee brought Trover and had a verdict, the executor filed a bill to enjoin him. Lord
 
 Hardwicke
 
 said, it would be very ext traordinary if a legatee must in every instance bring a bill in this court.
 
 Williams
 
 v.
 
 Lee, 3 Atk.
 
 223. Intimating dearly that he might do so. Where the executor assented
 
 *66
 
 to a devise of a term for years, the assignee of the legatee entertained a bill in equity to be put in possession.
 
 Moon
 
 v. Blagrave, 1
 
 ch. ca.
 
 277,
 
 Ward on Legacies,
 
 371. The executor in equity is but a trustee; this court must necessarily have the power to coerce him
 
 to
 
 a complete execution of the trust. The bare assent which will give a court of law jurisdiction will not at the same time deprive
 
 this court of
 
 its jurisdiction to see that
 
 the
 
 trust
 
 be completely
 
 executed In
 
 Jordan
 
 v.
 
 Jordan
 
 2
 
 Car. Law Rep.
 
 409, the Supreme Court said, that the jurisdiction of equity over trusts, can be taken away only by showing a complete execution of the trust. Here there has not been a complete execution of the trust, because that required the executor not only to assent to the legacy, but to deliver the subject specifically; and also to account for the profits. As to the-other defendant, she is a mere volunteer; at least not a purchaser from the executor; and therefore her right in this court must depend upon the enquiry, which is the better original'title under the testator himself, that deduced under tñe will or that under the supposed deed ofgift. The plaintiff, we think, has stated á sufficient equity in her bill; the demurrer must be overruled with costs, and the defendant’s answer.
 

 Pee Curiam. Decree Reversed.